# EXHIBIT "A"

# CHR HOLDINGS, INC. dba 1ˢᵀ CHOICE STAFFING, INC.

**1ˢᵀ CHOICE STAFFING, INC.**               16550 Valley View, La Mirada, CA
                                            Phone: 714.228.9715     Fax: 714.228.9718

## CALIFORNIA EMPLOYMENT AGREEMENT

As a condition of ongoing employment and in consideration of the conditions and promises contained herein, access to *1st Choice Staffing, Inc.* Confidential Information, and receiving remuneration during the course of employment by *1ST CHOICE STAFFING, INC.*, a Nevada corporation, its affiliates, its successors or assigns (referred to herein as the "Corporation"), I, ERIK PETERSON ("Employee"), agree to the following:

1. The Employee should devote all of his/her working time exclusively to the business of the Corporation and shall render services to the best of his/her ability for and on behalf of the Corporation. The Employee shall comply with all laws, statutes, ordinances, rules and regulations relating to the services provided by the Corporation.

2. The Employee's employment with the Corporation is not for any specified period of time. Either party may terminate it at any time for any reason, with or without cause, upon providing the other party with at least fourteen (14) days written notice. The Corporation may discharge the Employee for cause at any time without prior written notice. For purposes of this Agreement, the term "cause" shall mean (i) conduct by the Employee that amounts to fraud, dishonesty, gross negligence, or willful misconduct in the performance of his/her duties hereunder; (ii) failure by the Employee to perform his/her duties hereunder in the manner and to the extent required under this Agreement; and (iii) the conviction of the Employee of a felony.

   (a) It is specifically agreed and understood that the nature of the business of the Corporation is such that it depends on Confidential Information generated during the operation of the business and that the use or dissemination of such information outside of the Corporation would be highly detrimental to it and would result in irreparable harm to the business of the Corporation. All Confidential Information and all physical embodiments thereof received or developed by the Employee while employed by the Corporation are confidential to and are and will remain the sole and exclusive property of the Corporation. Except to the extent necessary to perform the duties assigned to him or her by the Corporation, the Employee will hold such Confidential Information in trust and strictest confidence, will not use, reproduce, distribute, disclose or otherwise disseminate the Confidential Information or any physical embodiments thereof and may in no event take any action causing or fail to take any action necessary in order to prevent any Confidential Information disclosed to or developed by the Employee to lose its character or cease to qualify as Confidential Information.

   (b) "Confidential Information" means information related to the Corporation or its affiliates which (i) derives economic value, actual or potential, from not being generally known to or readily ascertainable by other persons who can obtain economic value from its disclosure or use; and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. Assuming the foregoing criteria are met, Confidential Information includes, but is not limited to, client lists, data, temporary employee and availability lists, invoice and mark up information, correspondence, internal memoranda, forms, and manuals. Confidential Information also includes information which has been

# CHR HOLDINGS, INC. dba 1ˢᵀ CHOICE STAFFING, INC.

disclosed to the Corporation or its affiliates by a third party in which the Corporation or its affiliates are obligated to treat as confidential.

      (c)    Upon request by the Corporation, and in any event upon termination of the employment of the Employee with the Corporation for any reason, Employee will promptly deliver to the Corporation all property belonging to it, including, without limitation, all Confidential Information (and all physical embodiments thereof) in the Employee's custody, control or possession.

      3.    During the term of the Employee's employment by the Corporation and for a period of twelve (12) months following termination of such employment for any reason whatsoever, the Employee shall not (except on behalf of or with the prior consent of the Corporation), either directly or indirectly, on the Employee's own behalf or on behalf of others, solicit, cause or attempt to solicit any business from any customer with whom the Employee has had regular contact, whose contacts with the Corporation have been supervised by the Employee, or about whom the Employee has acquired Confidential Information (as defined herein) in the course of the Employee's employment.

      4.    Employee acknowledges the Corporation's need to maintain a stable workforce in order for the Corporation to remain competitive in its business. Therefore, during the term of the Employee's employment by the Corporation, and for a period of two (2) years following the termination of such employment for any reason whatsoever, the Employee shall not, either directly or indirectly, on the Employee's own behalf or on behalf of others, solicit or attempt to solicit any person employed by the Corporation at any facility where the Employee performed services for the Corporation or any person with whom the Employee had regular contact in the course of the Employee's employment by the Corporation, whether or not the employment of any such person is pursuant to a written agreement, for a determined period or at will.

      5.    During the term of the Employee's employment by the Corporation and for a period of twelve (12) months following the termination of such employment for any reason whatsoever, the Employee shall not (except on behalf of or with the prior written consent of the Corporation), within the Area (as defined in Exhibit "A" attached hereto), either directly or indirectly, on his/her own behalf or in the service of or on behalf of others, as a manager, supervisor, administrator, consultant, producer, instructor, salesman, and any other capacity which involves duties and responsibilities similar to those undertaken for the Corporation, engage in any business which is the same as or essentially the same as the business of the Corporation. It is the express intent of the parties that the Area is the area where the Employee performs or performed services on behalf of the Corporation under this Agreement as of, or within a reasonable time prior to, the termination of the Employee's employment hereunder.

      6.    The Employee agrees that the covenants contained in Sections 2, 3, 4 and 5 of this Agreement are the essence of this Agreement; that each of such covenants is reasonable and necessary to protect and preserve the interest and properties of the Corporation; that irreparable loss and damage will be suffered by the Corporation should the Employee breach any of such covenants. Therefore, the Employee agrees and consents that, in addition to all the remedies provided at law or in equity, including damages, the Corporation shall be entitled to temporary restraining orders and temporary and permanent injunctions to prevent a breach or contemplated breach of any of the covenants. The existence of any claim, demand, action or cause of action of the Employee against the Corporation shall not constitute a defense to the enforcement by the Corporation of any of the covenants or agreements herein.

EXHIBIT "A" - Page 18

# CHR HOLDINGS, INC. dba 1ST CHOICE STAFFING, INC.

7. EMPLOYEE ACKNOWLEDGES AND UNDERSTANDS THAT FOR TWELVE (12) MONTHS FOLLOWING TERMINATION OF HIS/HER EMPLOYMENT WITH THE CORPORATION, EMPLOYEE CANNOT COMPETE AGAINST THE CORPORATION IN THE SAME LINE OF BUSINESS AND GEOGRAPHIC AREA. IN ADDITION, THE EMPLOYEE CANNOT SOLICIT THE CLIENTS AND EMPLOYEES OF THE CORPORATION FOR TWO (2) YEARS FOLLOWING HIS/HER EMPLOYMENT WITH THE CORPORATION. A BREACH OF THESE PROMISES MAY SUBJECT THE EMPLOYEE TO INJUNCTIONS AND PAYMENT OF DAMAGES TO THE CORPORATION.

Initials _E.P_

8. The waiver by the Corporation of any breach of this Agreement by the Employee shall not be effective unless in writing and no such waiver shall operate or be construed as the waiver of the same or another breach on a subsequent occasion.

9. In case any clause or provision in the Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions hereof shall not in any way be affected or impaired thereby.

10. This Agreement contains the entire agreement of the parties with respect to the content of the Agreement and supersedes any and all prior oral or written understandings and agreements between them regarding the subject matter hereof.

**AGREED:**

_[signature]_
**Employee**

_[signature]_
**Witness**

Dated: _9-28-10_

**ACCEPTED BY:**

_[signature]_
Representative of CHR Holdings dba 1st Choice Staffing, Inc.

EXHIBIT "A" - Page 19

Sep 30 10 11:56a    1 ST  CHOICE STAFFING                    9099371093                p 6

# CHR HOLDINGS, INC. dba 1ST CHOICE STAFFING, INC.

1ST CHOICE STAFFING, INC.

16550 Valley View, La Mirada, CA
Phone: 714.228.9715    Fax: 714.228.9718

## EXHIBIT "A"

## AREA SUBJECT TO NON-COMPETE PROVISION IN SECTION 5

"Area" means the area circumscribed by a line drawn at a radius of twenty (20) miles from the offices of the Corporation at the following addresses which include any new office openings that are not listed:

302 S. Milliken Ave, Suite G
Ontario, CA 91761

14214 Rosecrans Ave
La Mirada, CA 90638

1701 E. Edinger, Suite C-1
Santa Ana, CA 92705

1660 Chicago Ave, Suite M-5
Riverside, CA 92507

5804 Pacific Blvd
Huntington Park, CA 90255

8440 Maple St, Suite 102
Rancho Cucamonga, CA 91730